IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| **MERCION C. FREEMAN,** | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION No. 4:21-CV-1008-P-BP |
| | § | |
| **NATIONAL CREDIT** | § | |
| **AUDIT CORPORATION,** | § | |
| | § | |
| Defendant. | § | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

In this case, Plaintiff has filed a civil case with a motion for leave to proceed in forma pauperis. Resolution of the motion was referred to the United States Magistrate Judge pursuant to the provisions of 28 U.S.C. § 636(b) and Special Order No. 3. The findings, conclusions and recommendation of the United States Magistrate Judge are as follows:

FINDINGS AND CONCLUSIONS:

A.   NATURE OF THE CASE

This case is a new civil action.

B.   PARTIES

Mercion C. Freeman is the plaintiff. The defendant is listed as National Credit Audit Corporation.

C.   LEGAL ANALYSIS

Plaintiff initially filed a short form in forma pauperis application, but as he merely scribbled the phrase "NA" across all of the sections of that form, the Court issued an Order and Notice of Deficiency directing Plaintiff to complete and file a long-form motion to proceed in forma

pauperis. ECF No. 6. That order informed Plaintiff that he had to provide complete and accurate answers to all of the sections of the long form. *Id.* Plaintiff Freeman has now filed a long form in forma pauperis motion/application. ECF No. 7. Upon review of the contents of the completed motion/application, however, the answer provided to every question was "0." Plaintiff Freeman provided absolutely no responsive information about his income, assets, bank accounts, or expenses. *See id.* And, to the question about providing additional information, he responded only that "I have no gold or silver (specie). Rights of indigenous people Article 4 indigenous peoples in exercising their right to self determination have the right to autonomy or self government." *Id.* at 5. Because the IFP applications submitted by Freeman do not provide any information sufficient to enable the Court to make a determination as to whether he qualifies as a pauper under 28 U.S.C. § 1915(a)(1)--that is "an affidavit that includes a statement of all assets . . . [and] that the person is unable to pay such fees or give security therefor"--the motions/applications to proceed in forma pauperis must be denied.

## RECOMMENDATION

It is therefore **RECOMMENDED** that United States District Judge Mark T. Pittman **DENY** Plaintiff's motions to proceed in forma pauperis (ECF Nos. 2, 7).

It is further **RECOMMENDED** that Judge Pittman inform Plaintiff that the complaint will be subject to dismissal without further notice under Federal Rule of Civil Procedure 41(b) unless Plaintiff pays to the clerk of Court the filing and administrative fees of $402.00[1] within seven (7) days after his order.

---

[1] In addition to the filing fee of $350, the District Court Miscellaneous Fee Schedule requires payment of an administrative fee for filing a civil action in district court of $52. *See* 28 U.S.C.§ 1914(a) and District Court Miscellaneous Fee Schedule, note 14.

<u>NOTICE OF RIGHT TO OBJECT TO PROPOSED FINDINGS, CONCLUSIONS, AND RECOMMENDATION AND CONSEQUENCES OF FAILURE TO OBJECT</u>

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Under 28 U.S.C. § 636(b)(1), each party to this action has the right to serve and file specific written objections in the United States District Court to the United States Magistrate Judge's proposed findings, conclusions, and recommendation within fourteen (14) days after the party has been served with a copy of this document. The United States District Judge need only make a de novo determination of those portions of the United States Magistrate Judge's proposed findings, conclusions, and recommendation to which specific objection is timely made. *See* 28 U.S.C. § 636(b)(1). Failure to file by the date stated above a specific written objection to a proposed factual finding or legal conclusion will bar a party, except upon grounds of plain error or manifest injustice, from attacking on appeal any such proposed factual findings and legal conclusions accepted by the United States District Judge. *See Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415, 1428–29 (5th Cir. 1996) (en banc), *superseded by statute* 28 U.S.C. § 636(b)(1) (extending the deadline to file objections from ten to fourteen days).

It is further **ORDERED** that the above-styled and numbered action, previously referred to the undersigned for findings, conclusions, and recommendation, be and is hereby, **RETURNED** to the docket of the United States District Judge.

**SIGNED** on September 30, 2021.

*[signature: Hal R. Ray, Jr.]*
Hal R. Ray, Jr.
UNITED STATES MAGISTRATE JUDGE

3